Porter, J.
The plaintiffs allege, that the defendant, commander of the brig Eliza, received a box of merchandize at Liverpool, England, which he promised to deliver them in New-Orleans.
*688 The bill of lading acknowleges the receipt of the box, and the evidence shews
satisfactorily. that it has not come into the possession of the plaintiffs.
To prove the value of its contents, the invoice was produced, but the court rejected it; and a bill of exceptions brings the correctness of that opinion before us for examination.
In the case of Urquhart vs. Robinson, 1 Martin, 236, this question received a very serious examination, and there the court, in a case similarly circumstanced to the present one, held that it was not legal evidence.
I am of the same opinion. It is a paper to which the defendant was neither party or privy. It is not a writing emanating from him,
it is res inter alios acta, and has not the sanction of an oath. Were we to hold it legal evidence, two persons, by combining together. might ruin a third party, without even incuring the risk of perjury.
It has, however, been insisted, that there is other evidence in the record to prove its value. I have examined the whole of the testimony with much attention, and I can discover nothing which would authorise the court to come to that conclusion.
*689 The first witness declares, that his
knowlege of the merchandize contained in the box was derived from the persons employed to pack the goods. This is nothing but hearsay. The second, Sabatier, had no knowlege of the contents, except what he derived from the invoice. We have already seen that the paper itself is not evidence. The third, M‘Nair, knows nothing of their value, except that which the invoice furnishes.
Notwithstanding the value of the goods has not been proved, it has been satisfactorily established, that the defendant received a box in Liverpool, to be delivered to the plaintiffs in New-Orleans, and that he has not performed his contract. He is responsible, therefore, to some amount, and as the plaintiffs have not proved how much, they can only recover a sum merely nominal. Lastigue vs. Baldwin, 5 Martin, 196.
I think that the judgment of the district court should be reversed, and that the plaintiffs recover one dollar, with costs in both courts.
Martin, J.
I was one of the judges'who tried the case of Urquhart vs. Robinson, and have never been satisfied with the opinion there given.
Smith for the plaintiffs, Maybin for the defendant.
There ought to be judgment for nominal damages.